IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH LA MOTTE,

     Plaintiff,                   No. CIV S-06-0792 DFL KJM P

  vs.

CAPT. S. MORENO, et al.,

     Defendant.               ORDER

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On January 4, 2007, he filed a motion seeking additional time in which to file an amended complaint, which was granted. In the motion, however, he also asked for a temporary restraining order to protect the integrity of his legal papers. He alleges that after a cell search, he found his legal paperwork strewn about and that when he questioned a guard about it, the guard suggested that "things happen" to troublemakers. He also seeks an order directing increased access to the law library.

        The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary

1

1  restraining orders which are <u>ex</u> <u>parte</u> and without notice are governed by the same general
2  standards that govern the issuance of a preliminary injunction.  <u>See</u> <u>New Motor Vehicle Bd. v.</u>
3  <u>Orrin W. Fox Co.</u>, 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); <u>Los Angeles Unified Sch.</u>
4  <u>Dist. v. United States Dist. Court</u>, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting);
5  <u>Century Time Ltd. v. Interchron Ltd.</u>, 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the
6  emphasis of the court is directed to irreparable harm and the balance of hardships because the
7  merits of a controversy are often difficult to ascertain and adjudicate on short notice.

8         Speculative injury does not constitute irreparable harm.  <u>See</u> <u>Caribbean Marine</u>
9  <u>Servs. Co. v. Baldrige</u>, 844 F.2d 668, 674 (9th Cir. 1988); <u>Goldie's Bookstore, Inc. v. Superior</u>
10 <u>Court</u>, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual threat must be shown,
11 although the injury need not be certain to occur.  <u>See</u> <u>Zenith Radio Corp. v. Hazeltine Research,</u>
12 <u>Inc.</u>, 395 U.S. 100, 130-31 (1969); <u>FDIC v. Garner</u>, 125 F.3d 1272, 1279-80 (9th Cir. 1997),
13 <u>cert.</u> <u>denied</u>, 523 U.S. 1020 (1998); <u>Caribbean Marine Servs. Co.</u>, 844 F.2d at 674.

14         In this case, plaintiff has presented only speculation that his legal documents will
15 be tampered with or destroyed; this is insufficient for a restraining order.

16         In addition, plaintiff has not explained why he needs sixty days in the law library
17 in order to prepare an amended complaint.

18         Accordingly, IT IS HEREBY ORDERED that plaintiff's January 4, 2007 request
19 for a temporary restraining order and requested for law library access is denied.

20 DATED: March 15, 2007.

_____
U.S. MAGISTRATE JUDGE

2
lamo0792.47